■ EDWARD W. SMITH, Appellant, v. NICHOLAS ROBILOTTO et al., Respondents.— Motion for order restraining respondents from conducting special election pending determination of appeal granted, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ EDWARD W. SMITH, Appellant, v. NICHOLAS ROBILOTTO et al., Respondents.— Motion to strike original and amended answer from the record on appeal denied, without costs. (CPLR 2214, subd. [d].) Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

## (January 7, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD E. BROWN, Appellant, v. ROSS E. HEROLD, as Director of DANNEMORA STATE HOSPITAL, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, dismissing appellant's writ of habeas corpus after a hearing and remanding him to Dannemora State Hospital. Appellant was adjudged insane and committed to Dannemora State Hospital pursuant to section 383 of the Correction Law. Appellant asserts, however, that such commitment was illegal because he was not accorded a hearing prior to transfer. Under subdivision 3 of section 383 there is no requirement of a hearing unless a demand is made for one. The record clearly discloses that appellant was given due notice of the Warden's application for commitment as required by subdivision 2 of section 383 and yet made no demand for a hearing. We cannot agree with appellant's argument that section 383 insofar as it permits commitment without a hearing in the absence of a demand therefor is violative of the constitutional guarantee of due process (see *People ex rel. Kamisaroff* v. *Johnston,* 13 N Y 2d 66; *People ex rel. Stock* v. *Terrence,* 11 N Y 2d 362; *Matter of Coates,* 9 N Y 2d 242). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of LAVY THOMAS, Respondent, v. JAMES E. STRATES SHOWS, INC., et al., Appellants, and AMERICAN UNIVERSAL INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. In the Matter of the Claim of BOBBY OLIVER, Respondent, v. JAMES E. STRATES SHOWS, INC., et al., Appellants, and AMERICAN UNIVERSAL INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The claimants, nonresidents, while traveling in this State with Strates Shows, Inc., sustained industrial accidents and were awarded compensation. The insurance carrier writing the New York State coverage contends that the Workmen's Compensation Board is without jurisdiction inasmuch as the claimants were hired outside of the State and because of the employer's business, they were transitory employees. Our affirmance is governed by our decision in *Matter of Rutledge* v. *Kelly & Miller Bros. Circus* (24 A D 2d 521). We would further note that the jurisdictional issue is more favorable here inasmuch as the employer obtained a certificate of authority to do business in this State. There are other salient reasons for recognizing jurisdiction under such circumstances. (See *Matter of Rhodes* v. *Mushroom Transp. Co.,* 23 A D 2d 421.) Decisions affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Taylor and Hamm, JJ., concur; Reynolds, J., concurs, in a separate memorandum: This case, in my view, is very similar to *Matter of Rutledge* v. *Kelly & Miller Bros. Circus* (24 A D 2d 521).

■ MERRITT-CHAPMAN & SCOTT CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41927.) — AULISI, J. Appeal from a judgment of the Court of Claims entered on February 5, 1965 which awarded the